# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BYRON CRAIG HERD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 20-204-RAW-SPS |
| | ) |
| **ANNE DANIEL, et al.,** | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983. He is seeking the return of his property, payment for his car, compensatory damages for his alleged wrongful incarceration, and release from prison.[1] The defendants are Anne Daniel, Tulsa Prosecutor; Christopher Gayheart, P.D. Oklahoma City/Ardmore, Oklahoma; the State of Oklahoma; Judge Drummond; J. Murphy, Tulsa Police; the Department of Corrections and probation and parol [sic] officers; Judge Beebee; K. Johnson, Tulsa Police; Angela Henkel, Ardmore Police; FNU Jones, Attorney; and Stephanie A. Collingwood, Appellate Attorney, Tulsa County. (Dkt. 1-1).

---

[1] The Court takes judicial notice of the DOC Offender website at https://okoffender.doc.ok.gov, which indicates Plaintiff is serving a life sentence for First Degree Burglary imposed by the Tulsa County District Court in Case No. 2017-1112. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of the DOC website pursuant to Fed. R. Evid. 201).

Plaintiff raises the following claims:

(1) False: Indicments Agency Breakdown. . . . No Warrant and no Probabla Cause Fails. False Warrant and False Element Assault & Battery, Charges Element.

(2) Element Missing Breaking Failed to include lesser-included offenses. Motion For "Lesser-included instructions" are Being Violated By the State of Oklahoma. Element of Breaking. The instructions on illegal entry.

(3) "Probation Back in 1994" CRF-No. 9325. Was Violated. asking For due process. . . . Falsly put Charges on Me and Wrongfully put Me in prison.

(4) . . . Element of indictment/False Charge's and False Statements to the Court Violated My Constitutional Federal Right's and knowing that its Wrong. False Arrest and False Imprisonment 1992 and Still being in Prison 2020.

(Dkt. 1 at 5-6) (errors in original).

This case apparently concerns Plaintiff's Tulsa County conviction. While Plaintiff alleges Defendants Christopher Gayheart and Angela Henkel are located in Ardmore, Oklahoma, which is within the territorial jurisdiction of the Eastern District of Oklahoma, the remainder of the defendants apparently are located in Tulsa County or Oklahoma City, which are respectively in the Northern and Western Districts of Oklahoma.

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject

to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

After careful review, the Court finds proper venue for Plaintiff's § 1983 claims does not lie in this district. When a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons stated below, the Court also finds it would be futile to transfer this case to the proper court.

Plaintiff's request for early release from custody because of an alleged unlawful conviction must be presented in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). Plaintiff has not made this showing.[2]

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 9th day of September 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] There is a one-year statute of limitations for filing a federal habeas corpus action. *See* 28 U.S.C. § 2244(d).